UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-642-CRS

THERESA A. D.                                                                                   PLAINTIFF

v.

LELAND DUDEK
*Acting Commissioner of Social Security*[1]                                                     DEFENDANT

## **MEMORANDUM OPINION & ORDER**

Pursuant to U.S.C. § 405(g), Theresa A. D. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Complaint, DN 1. The Court referred this matter to Magistrate Judge Regina S. Edwards who issued a Report recommending that the Administrative Law Judge's ("ALJ") Decision denying DIB and SSI should be affirmed. Report, DN 15. This matter is now before the Court on Claimant's Objections to Judge Edward's Report and Recommendation. Objections, DN 16. For the reasons stated below, the Court will overrule Claimant's Objections and adopt Judge Edwards's Report as the opinion of this Court.

## **LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of a magistrate judge's report to which a party has filed a timely and specific written objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Specific objections "pinpoint those portions of the magistrate's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[B]are disagreement with the

---

[1] Leland Dudek became Acting Commissioner of Social Security on February 16, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted for former Commissioner Martin O'Malley as the Defendant in this suit.

conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard*, 932 F.2d at 509). To the extent that no objection is filed, the arguments are waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 147–48 (1985). The Court need not review a magistrate judge's findings when neither party objects to those findings. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the Court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

## **BACKGROUND**

On September 14, 2021, Claimant applied for DIB and SSI under Titles II and XVI of the Social Security Act. Application, DN 9 at PageID# 299. She alleged disability with an August 1, 2017 onset date based on advanced peripheral neuropathy, migraines, chronic plantar fasciitis,

rheumatology, depression, and anxiety. *Id.*; Disability Report, DN 9 at PageID# 354. Her applications were denied on both initial consideration and reconsideration.

On November 17, 2022, ALJ Candace McDaniel conducted a hearing upon Claimant's request. On December 21, 2022, ALJ McDaniel issued a decision finding that Claimant was not disabled under the Social Security Act. In her decision, ALJ McDaniel evaluated the evidence under the required five-step sequential evaluation process. At step one, ALJ McDaniel found that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, ALJ McDaniel classified Claimant's lumbar degenerative disc disease, neuropathy, ankle/foot disorder, carpal tunnel syndrome, and headaches as severe. However, she classified Claimant's knee pain and obesity as non-severe. At step three, ALJ McDaniel found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of those listed in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. At step four, ALJ McDaniel determined that Claimant had the residual functional capacity ("RFC") "to perform less than a full range of light work . . . ." At step five, ALJ McDaniel determined that "there are jobs that exist in significant numbers in the national economy that claimant can perform." Here, ALJ McDaniel relied on a vocational expert's ("VE") answer to a hypothetical question based on Claimant's age, education, work experience, and RFC.

Claimant challenged ALJ McDaniel's decision on the grounds that it failed to properly evaluate her pain at steps two and four and consequently posed an inaccurate hypothetical to the VE at step five. Fact and Law Summary, DN 11. The Court referred the matter to Magistrate Judge Edwards for a Report and Recommendation. On January 6, 2025, Judge Edwards issued a Report concluding that ALJ McDaniel's decision should be affirmed. Report, DN 15 at PageID# 1717. On January 17, 2025, Claimant timely filed Objections to Judge Edwards's Report. Objections,

3

DN 16. The Commissioner filed a Response in which he argues that Claimant's Objections merely restate the arguments she presented to Judge Edwards and are waived as such. Response, DN 17 at PageID# 1739. The Court agrees with the Commissioner with the exceptions addressed below.

## ANALYSIS

As she stated in her Objections, Claimant posited a "volume of errors" in ALJ McDaniel's evaluation of the evidence at steps two and four. Objections, DN 16 at PageID# 1736. She also argued that ALJ McDaniel's hypothetical at step five was inaccurate as a result of these errors. *Id.* Judge Edwards rejected each of these arguments. Claimant argued that the ALJ erred by classifying her obesity and knee pain as non-severe impairments. Such misclassifications are not grounds for reversal unless there are no other severe impairments and/or the ALJ fails to consider the, albeit misclassified, "non-severe" impairments in her RFC determination. Neither of these circumstances is present in this case, as Judge Edwards correctly explained. Claimant has not shown an error of law or fact in this portion of Judge Edwards's Report. Instead, she merely repeats her prior contentions and makes an argument that is not germane to the dispositive facts and law. Similarly, Claimant has failed to make a meritorious objection with respect to Judge Edwards's evaluation of ALJ McDaniel's work at steps four and five of the requisite sequential process.

**A. Claimant's step two objections lack merit.**

Claimant contended that ALJ McDaniel erred by determining that her knee pain and obesity were non-severe impairments. Fact and Law Summary, DN 11 at PageID# 1647-48. She maintained that this error arose from ALJ McDaniel's failure to consider the record as a whole. *Id.* However, Judge Edwards found no ground for reversal in this argument. She explained that "any purported error at Step Two relating to ALJ McDaniel's non-severity findings is legally irrelevant because ALJ McDaniel determined at least one impairment was severe" and, in the remaining

4

steps, "considered the combined effect of all impairments as required by 20 C.F.R. § 416.945(e) and SSR 96-8p." Report, DN 15 at PageID# 1701-03 (citing *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020); *Gardner v. Comm'r of Soc. Sec.*, No. 3:20-CV-00524-CHB-CHL, 2022 WL 1134294, at *4 (W.D. Ky. Jan. 4, 2022)). Claimant objects that this conclusion is erroneous because ALJ McDaniel did not provide an adequate explanation of her decision-making at step four. Objections, DN 16 at PageID# 1721-22. This argument misses the mark. Judge Edwards correctly explained that even if ALJ McDaniel's determination at step two erred with respect to the severity of Claimant's knee pain and obesity, such error has no import because ALJ McDaniel found at least one severe impairment and continued with the sequential evaluation. Report, DN 15 at PageID# 1703. Claimant has not shown how or why this conclusion is wrong.

Claimant's remaining step two objections reassert arguments she presented in her previous filings. *Compare* Objections, DN 16 at PageID# 1720-22 (arguing that ALJ McDaniel erred by omitting discussion of Claimant's C-Reactive Protein Test and mischaracterizing her activities of daily living) *with* Fact and Law Summary, DN 11 at PageID# 1648-49 (arguing the same). Judge Edwards considered and rejected these arguments. Report, DN 15 at PageID# 1703, 1705. Because they fail to identify error by Judge Edwards, they are waived. *Howard*, 932 F.2d at 509.

**B. Claimant's step four objections lack merit.**

Next, Claimant challenged ALJ McDaniel's step four RFC analysis on the grounds that ALJ McDaniel omitted, mischaracterized, or failed to explicitly address several critical pieces of evidence. Fact and Law Summary, DN 11 at PageID# 1650-56. Judge Edwards addressed each of Claimant's arguments and found no error in ALJ McDaniel's RFC analysis. Report, DN 15 at PageID# 1705-16. Most of Claimant's objections to this finding are waived because they either raise arguments not presented to Judge Edwards or merely restate arguments considered and

rejected by Judge Edwards. Claimant's two surviving step four objections fail to persuade and will be overruled.

**1. Claimant's properly presented step four objections fail to persuade.**

Claimant's properly presented step four objections involve ALJ McDaniel's lack of specific discussion of two pieces of evidence in her RFC analysis. The first objection concerns Claimant's tension headaches, which were mentioned in a single record. Judge Edwards found that "ALJ McDaniel was not required to discuss Claimant's tension headaches based on a reference from a single record when her analysis clearly reveals she considered this record in assessing Claimant's functional limitations." Report, DN 15 at PageID# 1713. Claimant objects that Judge Edwards misapplied the law. Objections, DN 16 at PageID# 1729. She contends that even if her tension headaches were only referenced in a single record, ALJ McDaniel was required to discuss them under her duty to consider "the record as a whole." *Id*. But Claimant's argument conflates the duty to consider the entire record with the requisites for the content of an ALJ's written decision, which need not expressly discuss each piece of evidence in the record. Judge Edwards correctly explained that an ALJ is not required to specifically discuss every piece of evidence. Report, DN 15 at PageID# 1712 (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006)). Furthermore, Judge Edwards found that ALJ McDaniel did consider the administrative record as a whole, which included the record containing reference to Claimant's tension headaches. *Id.* at PageID# 1713.[2] The Court finds no error in this analysis.

Claimant's second RFC objection involves her contention that ALJ McDaniel violated 20 C.F.R. § 404.1520c by failing to address Dr. Blandford's "medical opinion" that "it is common for

---

[2] Claimant also states that Judge Edwards does not cite to where ALJ McDaniel considered the record that referenced tension headaches. Objections, DN 16 at PageID# 1729-30. However, Judge Edwards quoted the portions of ALJ McDaniel's decision in which ALJ McDaniel repeatedly cited the record at issue. Report, DN 15 at PageID# 1712-23. Thus, to the extent Claimant articulates an objection here, it is not well-taken.

patients with neuropathy to have issues with balance." Objections, DN 16 at PageID# 1732. 20 C.F.R. § 404.1520c provides that an ALJ must articulate how they considered the persuasiveness of each medical opinion in the record. However, Judge Edwards found that Dr. Blandford's statement did not constitute a medical opinion and thus was not governed by 20 C.F.R. § 404.1520c. Report, DN 15 at PageID# 1715. Further, she explained that the omission was not otherwise erroneous because an ALJ is not required to discuss every piece of evidence regarding an impairment. *Id.* Claimant objects on the ground that this rationale erroneously fills a gap in ALJ McDaniel's failure to find a balance limitation in the RFC. Objections, DN 16 at PageID# 1732. Again, Claimant misses Judge Edwards's point. Judge Edwards was not providing reasoning for the lack of a balance limitation; rather, she was simply explaining why ALJ McDaniel was not required to specifically discuss Dr. Blandford's statement. The Court finds no error in Judge Edwards's analysis and will adopt it.

**2. Claimant's remaining step four objections are waived.**

"Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In her Objections, Claimant makes several arguments that she did not present to Judge Edwards. Objections, DN 16 at PageID# 1726-27 (arguing that ALJ McDaniel did not provide reasoning for her conclusion that Claimant could still drive and type despite the exacerbation of carpal tunnel); *Id.* at PageID# 1728; (arguing that ALJ McDaniel failed to evaluate the supportability or consistency of the state physicians' medical opinions); *Id.* at PageID# 1733 (arguing that ALJ McDaniel was required to discuss Dr. Blandford's statement that neuropathy causes balance issues under 20 C.F.R. § 404.1529). Claimant offers no compelling reason why the

7

Court should consider these arguments now, and the Court sees none. Accordingly, the issues are waived.

The rest of Claimant's step four objections recast arguments she made in her previous filings. *Compare* Objections, DN 16 at PageID# 1723-34 *with* Fact and Law Summary, DN 11 at PageID# 1650-56; Reply, DN 13 at PageID# 1688-92. Judge Edwards considered and rejected these arguments. Report, DN 15 at PageID# 1705-16. Because they fail to identify error by Judge Edwards, they are waived. *Howard*, 932 F.2d at 509.

**C. Claimant's step five objections lack merit.**

Judge Edwards correctly explained that "[a]n ALJ may rely on a vocational expert's response to a hypothetical question if that question was based on limitations that were properly credited by the ALJ and supported by substantial evidence." Report, DN 15 at PageID# 1716 (quoting *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 533 (6th Cir. 2014)). Claimant objects that ALJ McDaniel's hypothetical was not based on limitations supported by substantial evidence because her RFC determination was erroneous. Objections, DN 16 at PageID# 1734-36. Again, Claimant's objections here simply repeat arguments considered and rejected by Judge Edwards. *Compare id. with* Fact and Law Summary, DN 11 at PageID# 1656-57. They are improper for this reason. *Howard*, 932 F.2d at 509. Regardless, as discussed, Claimant has not shown any error by Judge Edwards in affirming ALJ McDaniel's RFC determination. Further, as Judge Edwards explained, "Claimant has failed to demonstrate that ALJ McDaniel's hypothetical question to the VE inaccurately reflected her RFC determination." Report, DN 15 at PageID# 1717. Accordingly, there is no basis on which to sustain Claimant's objections to the hypothetical question itself. *Keeton*, 583 F. App'x at 533.

**CONCLUSION**

For the reasons set forth above, the court **OVERRULES** Claimant's Objections, DN 16, and **ADOPTS** Magistrate Judge Edwards's well-reasoned Report, DN 15, as its opinion and incorporates it here by reference. A separate judgment will be entered contemporaneously. There being no just reason for delay, this is a final Order.

**IT IS SO ORDERED.**

March 7, 2025

Charles R. Simpson III, Senior Judge
United States District Court